No. 27,429.

ORA BAXTER, *Appellee*, v. THE TOWNSHIP OF CAWKER, MITCHELL COUNTY, *Defendant;* C. M. HIGLEY, *Appellant.*

SYLLABUS BY THE COURT.

HIGHWAYS—*Automobile Collision—Negligence.* There was evidence to support the finding of the jury that the defendant was negligent in being on the wrong side of the road in an automobile collision.

Appeal from Mitchell district court; WILLIAM R. MITCHELL, judge. Opinion filed June 11, 1927. Affirmed.

*C. L. Kagey,* of Beloit, for the appellant.

*J. W. Tucker,* of Cawker City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued the defendants to recover damages caused by an automobile collision which occurred on a bridge in Cawker township in Mitchell county. The plaintiff alleged negligence in the maintenance of the bridge by Cawker township, and alleged negligence on the part of defendant Higley in driving his automobile. The defendant Higley filed a cross petition in which he asked damages in the sum of $100 and alleged negligence on the part of the plaintiff in driving his automobile. A jury returned a verdict in favor of the township and another verdict in favor of the plaintiff and against the defendant, Higley, for the sum of $75. On that verdict judgment was rendered against the defendant Higley, who appeals.

Special questions were answered by the jury as follows:

"1. Was the defendant Higley guilty of any negligence that contributed to and was the proximate cause of any injury to the plaintiff? A. Yes.

"2. If you answer the foregoing question 'yes,' then state in detail what such negligence was. A. Wrong side of road.

"3. Was the plaintiff guilty of negligence that contributed to said injuries, if any, sustained by the plaintiff? A. No.

"4. Was the highway in question in this case defective on the night of September 1, 1925? A. No.

"10. Would the presence of suitable guard rails upon the bridge in question have prevented the accident? A. No."

Higley's specifications of error are as follows:

"1. The court erred in overruling the defendant Higley's motion to set aside the answers to special questions.

"2. The court erred in overruling defendant Higley's motion for judgment in his favor.

"3. The court erred in overruling defendant Higley's motion for a new trial."

Complaint is made of the sufficiency of the evidence to support the answer to the second question submitted to the jury. The case turns on that proposition. There was evidence which tended to show that the plaintiff was driving west in an automobile and that defendant Higley was driving east in another automobile; that the plaintiff was driving on his right or north side of the road; that the defendant was driving on his right or south side of the road until his automobile reached a bridge in the road; that the bridge was about sixteen feet long across the road and about twelve feet wide running with the road; that the plaintiff went upon the bridge on his right or the north side of it and had passed partly across it so that the front wheels of his automobile were on the ground and the rear wheels were on the bridge; and that when the defendant Higley had reached a point close to the bridge he suddenly turned his car to his left and ran into the plaintiff's car and caused the damage to that car and to the plaintiff. The argument of the defendant is that this evidence did not show that his car was on the wrong side of the road. The answer to that argument is that so long as the plaintiff remained on his right side of the road, in order for the defendant to strike the plaintiff's car the defendant must have driven his car off his right or the south side of the road and run it onto his left or the north side of the road. That was sufficient to support the finding of the jury that Higley's car was on the wrong side of the road when it hit the plaintiff's car, although there was evidence to the contrary.

The judgment is affirmed.